Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 09-CV-045-HRW

DONALD LOWE                                                                                          PETITIONER

VS:                            **MEMORANDUM OPINION AND ORDER**

E.K. CAULEY                                                                                         RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Donald Lowe, an individual currently confined in the Federal Prison Camp ("FPC"), in Ashland, Kentucky, has submitted a *pro se* Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241.

The Petition is currently before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As the Lowe is appearing *pro se*, his Petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his Petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

For the reasons discussed below, the Court will dismiss this action, *sua sponte*.

**ALLEGATIONS AND CLAIMS**

The following is a summary of the factual allegations and legal claims in Lowe's Petition and later-filed exhibits. [Record Nos. 2,4]

Petitioner was prosecuted in the United States District Court for the Southern District of West Virginia, in *United States v. Lowe*, S.D. W.Va. No. 15-cr-00061. Copies of documents from that criminal proceeding show that on April 6, 2005, he pled guilty to Count One, distribution of hydromorphone, in violation of 21 U.S.C. § 841(a)(1), and Count Two, use and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

According to Petitioner's affidavit his "plea of guilty and conviction for Count Two was based entirely on my receipt of firearms in exchange for the drugs which formed the basis for Count One." Exhibit [hereinafter "Ex."] 6. This allegation is consistent with the facts set out in his lawyer's Section 3553(a) Sentencing Memorandum [Ex. 5], which was filed in Lowe's criminal proceeding.

On June 27, 2005, Petitioner was sentenced to 12 months' imprisonment on the first count, to be followed consecutively with a term of 60 months on Count 2, for a total of 72 months' imprisonment. The docket from that case (Ex. 3) does not show any appeal of his conviction or sentence; nor does it reflect the filing of a Motion to Vacate, Alter or Amend that Judgment pursuant to 28 U.S.C. § 2255.

Two and one half years later, the Supreme Court of the United States decided *Watson v. United States*, 552 U.S. 74 (December 10, 2007). In *Watson*, the Supreme Court held that "receiving" a firearm as payment for drugs does not constitute "use" of the firearm as that term is used in 18 U.S.C. § 924(c). When a defendant had only *received* the firearm in payment for drugs,

he was not engaging in criminal conduct, and therefore, conviction for *use* of a firearm under Section 924(c) could not stand.

The instant Petitioner claims that under *Watson*, he is actually innocent of the firearms charge and is, therefore, entitled to release. Further, a 28 U.S.C. § 2241 habeas proceeding in this district, where he is incarcerated, is the proper vehicle to obtain habeas relief. He relies on a successful Section 2241 Petition and Final Order granting such relief in *Roger R. Collins v. S. Marler, Acting Warden*, No. 2:08-CV-01031 (S.D. W.Va. Aug, 29, 2008) (that Petitioner presenting facts and legal claims "identical" to Lowe's herein and obtaining release). Ex. 1.

### DISCUSSION

The general rule is that a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 permits challenges to official action affecting execution of sentence, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th cir. 1999). It is 28 U.S.C. § 2254 or § 2255, however, which relate to conviction and/or imposition of sentence. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).

Accordingly, a federal prisoner must ordinarily challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). However, there are severe statutory restrictions on a prisoner's ability to file both first and second or successive Section 2255 motions in the trial court. *See* 28 U.S.C. §§ 2244 and 2255. One of these is a 1-year statute of limitations for a first motion.

In the case *sub judice*, as in the *Collins* case on which he relies, the Petitioner was sentenced in 2005 and Section 2255's one-year limitations period had run by the time that *Watson* was decided at the end of 2007. Therefore, the instant Petitioner argues, as did Collins, he cannot directly proceed with a motion to raise the *Watson* challenge in the trial court under Section 2255.

It is true that under highly exceptional circumstances, a federal prisoner may challenge his conviction and imposition of sentence under 28 U.S.C. § 2241, instead of 28 U.S.C. § 2255. To do so, the Petitioner must establish two conditions. First, he must show that his remedy under Section 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). Additionally, his claim must be one of actual innocence, in that the Petitioner was convicted of conduct which an intervening Supreme Court opinion defined as non-criminal. *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Therefore, this Court must examine whether the instant Petitioner has met these two requirements, as Petitioner Collins did. In other words, is Lowe's case deserving of habeas relief because his situation is truly "identical" to Petitioner Collins, as he claims? Based on his allegations and exhibits, Lowe may be so entitled. Since *Watson* was decided in 2007, there have been other successful Petitioners with *Watson* claims, in addition to Collins. *See Short v. Schultz*, 2008 WL 305594 (D.N.J. Jan. 28, 2008) (slip op.); *Belcher v. Dewalt*, 2008 WL 4280137 (E.D.Ky. 2008) (unpublished) (the Honorable Karen K. Caldwell, presiding).

Accordingly, the Petitioner having presented what appears to be a cognizable ground for relief from this Court under 28 U.S.C. § 2241, **IT IS ORDERED** as follows:

(1) The Clerk of the Court shall serve by certified mail a copy of the Petition and this Order upon Respondent Warden E.K. Cauley, the Attorney General for the United States, and the United States Attorney for the Eastern District of Kentucky.

(2) Respondent shall answer or otherwise defend within thirty (30) days of the date of entry of this Order. Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the Petition.

(3) Upon entry of a response herein or upon the expiration of said period of time, the Clerk of the Court shall notify the Pro Se Office.

(4) The Petitioner shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(5) For every further pleading or other document he wishes to submit for consideration by the court, the Petitioner shall serve upon the Respondent, or, if appearance has been entered by counsel, upon the attorney, a copy of the pleading or other document. The Petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to the Respondent or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of a copy, as above, the document will be disregarded by the Court.

This July 1, 2009.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge